UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMIEN MICHAEL SHENEFIELD,

                  Petitioner,

v.

STATE OF WASHINGTON,

                  Respondent.

Case No. C23-5617-RAJ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Damien Shenefield is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2021 Pierce County Superior Court judgment and sentence.[1] (Dkt. # 3.) The petition has not been served on Respondent. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed as untimely.

---

[1] Petitioner did not identify in his petition any grounds for relief, he merely referenced his state court post-conviction proceeding in which he challenged the sentence imposed by the trial court. (*See* dkt. # 3 at 5, 7; dkt. # 11 at 51-66.) Presumably, Petitioner intended to present a similar challenge in this federal habeas action.

## II.  DISCUSSION

The Court received Petitioner's federal habeas petition for filing on July 10, 2023. (*See* dkt. # 1.) After reviewing the petition, this Court determined that the petition was likely time-barred under the statute of limitations applicable to federal habeas petitions, 28 U.S.C. § 2244(d)(1). Thus, on August 7, 2023, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. (Dkt. # 7.) The Court noted in its Order that: (1) a one-year statute of limitations applies to federal habeas petitions; (2) Petitioner's judgment of conviction became final for purposes of calculating the federal statute of limitations on November 22, 2021; and (3) Petitioner did not sign his federal habeas petition until July 10, 2023, approximately seven months after the statute of limitations expired. (*See id*.)

On November 29, 2023, Petitioner filed a response to the Order to Show Cause. (Dkt. # 11.) The response, however, is not a model of clarity. Petitioner appears to argue that because the sentence imposed in his underlying criminal case was in excess of the trial court's jurisdiction, he is not bound by the state's one-year time bar, RCW 10.73.090(1).[2] (*See id*. at 2 (citing RCW 10.73.100(5)).) Petitioner also appears to argue that this Court should permit review of his federal habeas petition beyond the one-year time limitation because his appointed defense counsel rendered constitutionally ineffective assistance during proceedings before the trial court. (*See id*. at 2-3, 8.)

With respect to Petitioner's apparent argument regarding the applicability of Washington's one-year time bar to this action, Petitioner is correct that, in accordance with state law, the time limit specified in RCW 10.73.090 does not apply to a petition for collateral review

---

[2] The materials attached to Petitioner's petition demonstrate that Petitioner attempted to challenge his underlying judgment and sentence in the state courts by way of a personal restraint petition, and the state courts determined that the petition was time-barred under RCW 10.73.090(1). (*See* dkt. # 3-2 at 1-6.)

REPORT AND RECOMMENDATION
PAGE - 2

that is based solely on the ground that the sentence imposed was in excess of the court's jurisdiction. *See* RCW 10.73.100(5). However, the fact that any collateral attack on Petitioner's 2021 judgment may be, or in his view should be, exempt from the state statute of limitations is irrelevant to the question of whether Petitioner's § 2254 petition was timely filed under the federal statute of limitations, 28 U.S.C. § 2244(d)(1).

With respect to Petitioner's apparent argument that the magnitude of the constitutional violations alleged warrants review beyond the one-year time limitation, he has not demonstrated any basis for relief. Petitioner does not argue in his materials that his § 2254 petition was filed within the one-year federal statute of limitations. It thus appears that the only mechanism available to Petitioner to obtain review of his federal habeas petition would be to demonstrate that he is entitled to equitable tolling of the limitation period. The Supreme Court has held that the statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

A petitioner bears the burden of showing that equitable tolling should be applied. *Miranda*, 292 F.3d at 1065. In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Petitioner presents no argument that he is entitled to equitable tolling, and nothing in the record before this Court suggests that Petitioner has met the requirements for the application of equitable tolling.

REPORT AND RECOMMENDATION
PAGE - 3

1    As the record makes clear that Petitioner presented his federal habeas petition to the
2  Court for filing approximately seven months after the federal statute of limitations expired, and
3  as Petitioner he has not demonstrated that he is entitled to any tolling of the limitations period,
4  his petition is time-barred and must therefore be dismissed.

5              **III.    CONCLUSION**

6    For the foregoing reasons, this Court recommends that Petitioner's federal habeas
7  petition, and this action, be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1).
8    A petitioner seeking post-conviction relief under § 2254 may appeal a district court's
9  dismissal of his federal habeas petition only after obtaining a certificate of appealability from a
10 district or circuit judge. A certificate of appealability may issue only where a petitioner has made
11 "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A
12 petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the
13 district court's resolution of his constitutional claims or that jurists could conclude the issues
14 presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537
15 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not
16 entitled to a certificate of appealability in this matter. This Court therefore recommends that a
17 certificate of appealability be denied. A proposed Order accompanies this Report and
18 Recommendation.
19    Objections to this Report and Recommendation, if any, should be filed with the Clerk and
20 served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report
21 and Recommendation is signed. Failure to file objections within the specified time may affect
22 your right to appeal. Objections should be noted for consideration on the District Judge's
23 motions calendar for the third Friday after they are filed. Responses to objections may be filed

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 5, 2024**.

DATED this 12th day of December, 2023.

_/s/ MJPeterson_
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5